**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**
701 East Broad Street
Richmond, Virginia 23219

---

IN RE:   **STEPHEN CRAIG MCGUIRE SR.**         Case No.:  09-33198-DOT
        **3308 Clay Street**                    **Chapter 7**
        **Hopewell, Virginia  23860**

---

**BETH HUBBARD,**

                            Plaintiff,

v.

**STEPHEN CRAIG MCGUIRE SR.**

                            Defendant

**NOTICE OF MOTION AND HEARING**

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not wish the Court to grant the relief sought in this motion, or if you want the Court to consider your views on the motion, then within fourteen (14) days from the date of service of this motion, you must file a written response explaining your position with the Court at the following address: **Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia  23219, and** serve a copy on the movant's attorney at the address shown below.  Unless a written response is filed and served within this fourteen-day period, the Court may deem opposition waived, treat the motion as conceded and issue an order granting the requested relief.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the expiration of the fourteen-day period.

Attend the preliminary hearing scheduled to be held on April 14, 2010 at 11 a.m. in Courtroom 5100, United States Bankruptcy Court, 701 East Broad Street, Richmond, Virginia.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

## CERTIFICATE

I certify that on March 19, 2010, a copy of the foregoing was made by the Court's CM/ECF system to Bruce A. Clark, Jr., counsel to Stephen Craig McGuire, Sr., and that a copy of the foregoing motion and notice was sent by First Class Mail to:

Stephen Craig McGuire, Sr.
3308 Clay Street
Hopewell, Virginia  23860

Bruce A. Clark, Jr., Esquire
Attorney-at-Law
P. O. Box 1324
Hopewell, Virginia 23860

And

The Honorable Sherman B. Lubman
Chapter 7 Trustee
P. O. Box 5757
Glen Allen, Virginia 23058-5757

    /s/ Henry W. McLaughlin
    Henry W. McLaughlin (VSB No. 07105)

Henry W. McLaughlin (VSB #07105)
Central Virginia Legal Aid Society
101 West Broad Street
Post Office Box 12206
Richmond, Virginia 23241-0206
(804) 200-6048; fax (804) 649-8794
henry@cvlas.org
Counsel for Beth Hubbard

2

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**
**701 East Broad Street**
**Richmond, Virginia 23219**

---

IN RE:   STEPHEN CRAIG MCGUIRE SR.              Case No.: 09-33198-DOT
         3308 Clay Street                       Chapter 7
         Hopewell, Virginia  23860

---

**BETH HUBBARD,**

                Plaintiff,

v.

**STEPHEN CRAIG MCGUIRE SR.**

                Defendant

**MOTION FOR RELIEF FROM STAY AND MOTION FOR**
**DETERMINATION OF NONDISCHARGEABILITY**

Beth Hubbard ("Hubbard"), a creditor in the captioned case hereby (i) moves the Court for relief from the automatic stay for cause, pursuant to Section 362(d) of the Bankruptcy Code, and Section 4001(a) of the Local Rules of Bankruptcy Procedure, to allow a pending action in the Circuit Court for the City of Richmond to proceed; and (ii) moves the Court for determination that the debt of Stephen Craig McGuire Sr. ("Debtor") to Hubbard is nondischargeable pursuant to Section 523(a)(2). In support of her motion, Hubbard states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this contested matter pursuant to Section 362(d) and Section 523(a)(2) of the Bankruptcy Code, and this action is a core proceeding within the meaning of 28 U.S.C. Section 157.

3

## MOTION FOR RELIEF FROM STAY

2. On May 18, 2009, Debtor filed in this Court a Petition under Chapter 7 of the Bankruptcy Code, and an order for relief was entered.

3. Hubbard was not listed as a creditor in the original Petition, Hubbard received no notice of the filing of the Petition, and Hubbard had no knowledge of the filing of the Petition.

4. On November 17, 2009, Hubbard filed suit in the Circuit Court of the City of Richmond, Virginia (such suit, the "State Court Action"), alleging that Debtor and Stephen Craig McGuire Jr., F.J. Murphy Pepper, P.C., and William A. Caplan (collectively, the "Other State Court Defendants") conspired to defraud and did in fact defraud Hubbard in connection with a sale of Hubbard's former residence at 2307 Marion Mashore Street, Richmond, Virginia. A copy of the Complaint in such action (the "State Court Complaint") is attached hereto as Exhibit A.

5. All of the allegations contained in the State Court Complaint are incorporated herein as if fully set forth.

6. None of the claims in the State Court Complaint are governed by federal law, a pending action in the Circuit Court of City of Richmond exists and is under way to try such claims, and the continuation of the State Court Action will promote judicial economy and efficiency.

7. If Hubbard's claims in the State Court Complaint are determined in the State Court Action to be valid, the debt of Debtor to Hubbard will be nondischargeable pursuant to Section 523(a) (2) of the Bankruptcy Code, which provides

4

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . (2) for money . . . to the extent obtained by . . . (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

8. A determination in the State Court Action that Debtor owes a debt to Hubbard will necessarily require a determination that the Debtor obtained money from Hubbard by false pretenses, a false representation, or actual fraud, and therefore such debt will not be dischargeable by the Bankruptcy Court.

9. There being compelling reasons to continue Hubbard's claims against Debtor in state court, and no countervailing reason to try such claims in the Bankruptcy Court, cause exists under Section 362(d)(1) of the Bankruptcy Code to lift the automatic stay to allow the State Court Action to proceed against Debtor.

## MOTION FOR DETERMINATION OF NONDISCHARGEABILITY

10. The allegations of Paragraphs 1 – 9 above are incorporated herein as if fully set forth.

11. The claims made by Hubbard in the State Action are based solely on the alleged fraudulent misconduct of Debtor and the Other State Court Defendants.

12. Any liability assessed to Debtor as result of the State Court Action must necessarily have resulted from a finding that the Debtor obtained money from Hubbard by false pretenses, a false representation, or actual fraud.

13. Pursuant to Section 523(a) (2) of the Bankruptcy Code, such debt will not be dischargeable by the Bankruptcy Court.

5

**WHEREFORE**, Hubbard prays that (i) the Court lift the automatic stay provided for by the provisions of the Bankruptcy Code to the extent necessary to allow Hubbard to continue the State Court Action; and that the Court waive the appeal period provided for by Bankruptcy Rule 4001(a)(3), and (ii) the Court determine that any debt owed by Debtor to Hubbard arising under the State Court Action is nondischargeable under Section 523(a)(2) of the Bankruptcy Code; and (iii) the Court enter such further orders as the Court shall deem necessary.

                Respectfully submitted,

                Beth Hubbard

                By: /s/ Henry W. McLaughlin_____
                      Counsel

Henry W. McLaughlin (VSB #07105)
Central Virginia Legal Aid Society
101 West Broad Street
Post Office Box 12206
Richmond, Virginia 23241-0206
(804) 200-6048; fax (804) 649-8794
henry@cvlas.org
Counsel for Beth Hubbard

**CERTIFICATE**

I certify that on March 19, 2010, a copy of the foregoing was sent by the Court's CM/ECF system to electronic means to Bruce A. Clark, Jr., counsel to Stephen Craig McGuire, Sr., and that a copy of the foregoing motion and notice was sent by First Class Mail to:

Stephen Craig McGuire, Sr.
3308 Clay Street
Hopewell, Virginia  23860

Bruce A. Clark, Jr., Esquire
Attorney-at-Law
P. O. Box 1324
Hopewell, Virginia 23860

And

The Honorable Sherman B. Lubman
Chapter 7 Trustee
P. O. Box 5757
Glen Allen, Virginia 23058-05757

                                                /s/ Henry W. McLaughlin
                                                Henry W. McLaughlin (VSB No. 07105)